Gurung v. Barr

BIA
Loprest, IJ
A 208 192 814

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> JOSÉ A. CABRANES,
> DENNY CHIN,
> *Circuit Judges.*

_____

GOPAL JANG GURUNG,
> *Petitioner,*

v.                                          18-3762
                                            NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Khagendra Gharti Chhetry, Esq.,
                         New York, NY.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting
                         Assistant Attorney General;
                         Jessica E. Burns, Senior

Litigation Counsel; Edward C. Durant, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gopal Jang Gurung, a native and citizen of Nepal, seeks review of a November 29, 2018, decision of the BIA affirming an October 16, 2017, decision of an Immigration Judge ("IJ") denying Gurung's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gopal Jang Gurung,* No. A 208 192 814 (B.I.A. Nov. 29, 2018), *aff'g* No. A 208 192 814 (Immig. Ct. N.Y. City Oct. 16, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under a substantial

2

evidence standard).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Here, the agency relied on four findings to support its adverse credibility determination, one of which—an inconsistency regarding threats Gurung received—was in error. Regarding the number of threats Gurung received, the IJ did not consider that Gurung was answering a question specifically about the time after he arrived in Kathmandu or

3

his later testimony on cross-examination that he was threatened a total of three times. *See Hong Fei Gao*, 891 F.3d at 76 (substantial evidence requires the findings be "supported by reasonable, substantial and probative evidence in the record when considered as a whole"). Despite this error, the other three findings discussed below—two inconsistencies and one omission—provide substantial evidence for the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. Accordingly, remand for further consideration would be futile. *Lianping Li v. Lynch*, 839 F.3d 144, 149-50 (2d Cir. 2016) (holding that remand may be futile where error-free findings provide substantial evidence for the adverse credibility determination such that it is clear the agency would reach the same decision on remand).

First, the agency reasonably relied on an inconsistency regarding when Gurung joined the Nepali Congress Party ("NCP"). Gurung testified he joined the NCP in the year 2070 of the Nepali calendar, or February 2014. However, his written statement states that he joined the NCP "in February 2013 (Magh 1969)" and that his first encounter with the Maoists occurred in January 2014. Gurung's testimony that he joined in February 2014 was also internally inconsistent

4

with his later testimony that he started having problems with Maoists prior to that time. The agency's reliance on this inconsistency was reasonable as it concerned the central issue of when he became politically active. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Hong Fei Gao*, 891 F.3d at 76.

Second, the agency reasonably relied on inconsistent accounts of where the second beating occurred. Gurung alternately stated that Maoists beat him while he was taking care of his goats in his village, or when he was 35 minutes away from his house, or while he was in the jungle. The IJ's reliance on this inconsistency was reasonable because it related to the location of one of only two alleged beatings and implicated questions about how his attackers located him or whether there would have been witnesses. *See Hong Fei Gao*, 891 F.3d at 77; *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "material inconsistency in an aspect of [the] story that served as an example of the very persecution from which [petitioner] sought asylum . . . afforded substantial evidence to support the adverse credibility finding" (internal citation and quotation marks omitted)). Gurung's current explanation that he could not remember does not compel a contrary conclusion.

*See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Third, the agency reasonably relied on Gurung's testimonial omission that Maoists beat his wife so badly that she needed hospital treatment. Gurung wrote in his statement that Maoists "got fury and beat [his] wife very mercilessly" and neighbors took her to the hospital, but he omitted any physical harm when testifying about this incident—stating only that they threatened her and demanded money. While omissions are generally less probative than inconsistencies, Gurung's omission is essentially a different description of a serious event and one that goes to the heart of his claim that the Maoists continue to seek him out and would harm him if he returned. *See Hong Fei Gao*, 891 F.3d at 78–79 (to assess probative value of omission, IJ should consider whether reasonable, credible applicant would have disclosed the information). Because this incident went directly to his fear of future harm, his explanation that it occurred after

he left Nepal is not compelling, particularly as he deemed it important enough to mention in his application. *Majidi*, 430 F.3d at 80–81.

Given these inconsistencies and the omission that relate to the timing of Gurung's political activities, the details of one of two attacks, and whether his wife suffered physical harm from people seeking him out, the adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7